```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LOUISA FRANCO,                    :
                                  :
          Plaintiff,              :
                                  :
     v.                           :
                                  :    CIVIL NO. 3:97cv00617(AHN)
BRADLEES, INC.,                   :
                                  :
          Defendant.              :
```

RULING ON MOTION FOR RECONSIDERATION

Pending before the court is the motion of plaintiff Louisa Franco ("Franco") for reconsideration of the court's ruling on December 22, 2004, denying her Motion to Reopen/ Motion for Extension of Time. The motion for reconsideration [doc. # 23] is GRANTED, and accordingly, the case is reopened and the motion for extension of time is also granted. Upon reconsideration, the court adheres to its ruling issued on December 3, 2004, for the reasons set forth below and hereby directs the clerk to close the case.

Background

On April 5, 1995, the plaintiff was injured in a Bradlees Department Store ("Bradlees") in Hamden, Connecticut. Almost three months later, on June 23, 1995, Bradlees filed for bankruptcy. On April 3, 1997, just short of the expiration of the two-year statute of limitations, Franco commenced this negligence action against Bradlees. On June 9, 1997, a Notice of Stay pending resolution of the Bradlees bankruptcy was entered on

the court docket.  On February 17, 1999, the court dismissed Franco's case without prejudice.  On February 21, 2002, the Bankruptcy Court published an order allowing certain personal injury claims, including Franco's claim in an amount not exceeding Bradlees' self-insured retained limit less expenses under Bradlees' insurance policies.  Bradlees' bankruptcy proceedings terminated in February of 2003.

Over a year later, on April 15, 2004, Franco filed a motion to reopen this case.  The motion was granted in May 2004.  On August 25, 2004, Bradlees moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(1)(2)(4) and (5) for lack of in personam and subject matter jurisdiction and pursuant to Fed.R.Civ.P 12(b)(6) for failure to state a claim.  Specifically, Bradlees argued, *inter alia*, that under the automatic stay provision of 11 U.S.C. § 362(a), Franco's suit against Bradlees, which was commenced after the Chapter 11 proceeding, was void and of no effect, that the reopening of the suit was a nullity and untimely, and that, therefore, the action should be dismissed.  Three months later, on December 3, 2004, the court granted Bradlees' motion to dismiss absent objection.

Two weeks after the court issued the order dismissing the case, and four months after Bradlees filed its motion to dismiss, Franco moved the court to reopen the case and for an extension of time to file an opposition to the motion to dismiss.  The court

denied Franco's motion on December 22, 2004. On January 7, 2005, Franco filed the instant motion to reconsider its order denying her motion to reopen and for an extension of time in which to respond to Bradlees' motion to dismiss.

## Discussion

Pursuant to the United States Bankruptcy Code, "[t]he filing of a Chapter 11 bankruptcy petition triggers an automatic stay of any judicial proceeding or other act against the property of the [Debtor] that was or could have been commenced before the filing of the petition." In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86, 90 (2d Cir. 2003). Specifically, the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under Section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of--
>     (1) the commencement or continuation, including the issuance or employment of process, of judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title...

The Second Circuit has ruled that any proceedings or actions described in § 362(a)(1) are void and without any vitality if they occur after the automatic stay takes effect. See Rexnord Holdings, Inc. V. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994). Thus, this action, which was commenced against Bradlees after it

filed its bankruptcy petition was filed in derogation of the automatic stay imposed by the Bankruptcy Court and was therefore void ab initio.  See, e.g., Dalton v. New Commodore Cruise Lines Ltd., No. 02 Civ. 8025, 2004 WL 344035, *3 (S.D.N.Y. Feb. 24, 2004).

The bankruptcy code also addresses the manner in which a plaintiff must proceed to commence or continue an action subject to the automatic stay.  Specifically, 11 U.S.C. § 108(c) provides, in pertinent part:

> [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the filing of the petition, then such period does not expire until the later of--
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay ... with respect to such claim.

Pursuant to this statute, if the statute of limitations on a claim expires during the pendency of the automatic stay, a plaintiff has 30 days to re-file the action from the time she receives notice that the automatic stay is lifted.  See Dalton, 2004 WL 344035, at *3.

In its motion to dismiss, Bradlees argues that under the automatic stay provision of 11 U.S.C. 362(a), Franco's suit against it because it was void and of no effect because it was commenced after Bradlees filed its Chapter 11 petition and thus,

4

the case could not have been reopened after the bankruptcy proceeding terminated.  Bradlees further argues that rather than moving to re-open the suit that she filed in derogation of the automatic stay, Franco was required by 11 U.S.C. § 108(c) to refile the action within 30 days after she received notice that the stay was lifted.  Because she failed to do so, Bradlees says that this action should be dismissed.  In opposition to Bradlees' motion to dismiss, Franco argues that (1) her April 15, 2004 motion to reopen was proper, (2) the applicable statute of limitations was tolled during the bankruptcy stay pursuant to 11 U.S.C. § 108(c)(2), and (3) the court has jurisdiction over her claims.

There is no merit to Franco's claim that pursuant to 11 U.S.C. § 108(c) the statute of limitations for commencing or continuing her action was tolled during the pendency of the bankruptcy proceeding and did not begin to run again until the bankruptcy proceeding was closed in February 2003, and thus the two-year period had not expired when she filed the motion to reopen this case in April of 2004.

Indeed, Franco's argument, and the reasoning behind it, has been rejected by the Second Circuit.  See Aslanidis v. United States Lines, Inc., 7 F. 3d. 1067, 1073 (2d. Cir. 1993).  In Aslanidis, the plaintiff brought a Jones Act claim against U.S. Lines which had filed its bankruptcy petition before the suit was

commenced.  The plaintiff then applied for and was granted relief from the stay by the bankruptcy court, but waited 58 days to refile its suit.  By that time, the three-year statute of limitations had run.  To avoid dismissal, the plaintiff argued that the statute of limitations had been tolled during the pendency of the stay, and did not begin to run until the stay was lifted.  The Second Circuit rejected that argument and held that pursuant to 11 U.S.C. § 108(c), the plaintiff had 30 days from the day the stay was lifted to file the action.  The court observed that "§ 108(c) does not provide for tolling of any externally imposed time bars".  Id. at 1073.  The court further noted that the "reference in § 108(c)(1) to 'suspension' of time limits clearly does not operate in itself to stop the running of a statute of limitations; rather, this language merely incorporates suspensions of deadlines that are expressly provided in other federal and state statutes."  Id.

    Franco ignores this controlling Second Circuit precedent which expressly rejected her argument that § 108(c) operates as a suspension of the limitations period relying instead on pre-Aslanidas decisions of the Second Circuit which are neither persuasive or apposite.  Indeed, Belford v. Martin-Trigona, 763 F.2d 503, 506 (2d Cir. 1985) on which she relies, merely makes a reference to the tolling of the statute of limitations.  Similarly, Morton v. National Bank of New York City, 866 F.2d

6

561, 566-67 (2d Cir. 1989), was found to be inapposite because it did not resolve the question of whether the statute of limitations was tolled beyond the 30 days after the termination of the stay as provided in § 108(c)(2).  See Aslanidas, 7 F. 3d at 1074.

In this case, the statute of limitations on Franco's claim expired while Bradlees was in bankruptcy proceedings, and Franco cites no state or federal law that tolled the statute of limitations.  Accordingly, pursuant to 11 U.S.C. § 108(c)(2), Franco had 30 days after she received notice that the Bradlees bankruptcy case had terminated to re-file this case.  However, because she waited from approximately February 2003 to until April 2004 to file the motion to reopen, her claim was untimely.

Moreover, the court agrees with Bradlees' claim that Franco's 1997 suit was void *ab initio* because it had already filed its Chapter 11 proceeding and thus the automatic stay was in effect.  See 11 U.S.C. § 362; Dalton, 2004 WL 344035, at *3.

There is also no merit to Franco's legally unsupported argument that the bankruptcy court saved her claim from the effect of the automatic stay provision when it entered an order authorizing her claim.  Under the bankruptcy court's amended order of February 21, 2002, the court approved personal injury claims, including Franco's, in the amount of Bradlees' self-insured retained limit.  When the court allowed Franco's claim

against Bradlees for a specified sum, it did so without "prejudice to [Franco's] right to assert claims against National Union [Bradlees' insurer] as a result of any judgment or verdict against [Bradlees], to the extent [Franco] assert[s] claims in excess of the amounts allowed pursuant to this Order". Tellingly, the amended order does not speak of annulling the automatic stay or provide any basis to extend the time to bring her claim against Bradlees' insurer within the time provided in 11 U.S.C. § 108(c).

## Conclusion

The motion for reconsideration [doc # 23] is Granted.  Upon reconsideration, the court adheres to its ruling of December 3, 2004 granting the defendant's motion to dismiss [# 16].  The clerk is directed to enter judgment for Bradlees and to close the case.

SO ORDERED this 21st day of September, 2005, at Bridgeport, Connecticut.

                                       /s/
                                   Hon. Alan H. Nevas
                                   United States District Judge